**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| CHRISTINE POLK, | CIVIL ACTION NO.: 0:25-cv-13850-SAL |
| PLAINTIFF, | |
| v. | **COMPLAINT** |
| REVERE AT TEGA CAY, LLC GREATLAKES FLOORS COVERING, LLC, and RITE RUG CO., | **(JURY TRIAL DEMANDED)** |
| DEFENDANTS. | |

Plaintiff, Christine Polk ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendants above-named, would allege and show unto the Court the following:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen and resident of Mooresville, North Carolina.

2. Defendant Revere at Tega Cay, LLC ("Revere") is, upon information and belief, a foreign limited liability company organized under the laws of Ohio, a state other than North Carolina, with its principal place of business in South Carolina, and at all times relevant was the owner and/or operator of the apartment complex known as Revere at Tega Cay, located at 260 North Revere Cove, Tega Cay, York County, South Carolina.

3. Defendant Greatlakes Floors Covering, LLC ("Greatlakes") is, upon information and belief, a limited liability company organized under the laws of Michigan, a state other than North Carolina, with its principal place of business outside of North Carolina, and was performing flooring work at the Revere at Tega Cay complex at the time of Plaintiff's injuries.

4. Defendant Rite Rug Co. ("Rite Rug") is, upon information and belief, a corporation organized under the laws of Ohio, a state other than North Carolina, with its principal place of

business outside of North Carolina, and was also performing flooring work at the Revere at Tega Cay complex at the time of Plaintiff's injuries.

5.      This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 over the claims in this lawsuit because the Plaintiff and Defendants are citizens of different states and the value of the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.      Venue is proper in the Rock Hill Division of the District of South Carolina pursuant to 28 U.S.C. § 1391 and Local Civil Rule 3.01(A)(1), because the incident giving rise to this Complaint occurred in York County, South Carolina.

### FACTUAL ALLEGATIONS

7.      Plaintiff re-alleges and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

8.      On February 13, 2025, Plaintiff was exiting her first-floor apartment at Revere at Tega Cay to meet her sister, Vivian Polk, who was waiting outside in a vehicle.

9.      At or about the same time, flooring work was being performed at the Revere at Tega Cay complex by employees, agents, and/or contractors of Defendants Greatlakes and Rite Rug.

10.      As Plaintiff proceeded toward her vehicle, she was suddenly and unexpectedly struck in the back by a large roll of carpet dropped from the second floor of an apartment building, which caused her to be knocked violently to the ground.

11.      As a direct result, Plaintiff sustained severe and painful injuries, including a fractured right femur and a dislocated knee.

12.      Emergency medical services responded to the scene, and Plaintiff was transported by EMS to Piedmont Medical Center in Rock Hill, South Carolina.

1

13.     Plaintiff required hospitalization for approximately one week, underwent stabilization and blood transfusions, and subsequently required surgery and extended rehabilitation at White Oak Rehab until March 17, 2025.

14.     Plaintiff continues to undergo medical care, including treatment with her orthopedic surgeon, Dr. Brian Tallerno, her primary physician, Dr. Bonnie Diamond, and ongoing outpatient physical therapy through Amedisys.

15.     Plaintiff was at all times acting in a reasonably prudent and careful manner.

16.     The injuries and damages sustained by Plaintiff were the direct and proximate result of the negligent, grossly negligent, careless, reckless, willful, and wanton acts and/or omissions of Defendants, jointly and severally.

### FOR A FIRST CAUSE OF ACTION
(Negligence/Gross Negligence – Revere at Tega Cay, LLC)

17.     Plaintiff re-alleges and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

18.     At all relevant times, Defendant Revere owned, managed, and/or controlled the Revere at Tega Cay apartment complex, including the common areas, walkways, and stairways.

19.     Defendant Revere owed Plaintiff, as a lawful resident and invitee, a duty to exercise reasonable care to maintain its premises in a safe condition, free from hazardous or dangerous conditions, and to protect Plaintiff from foreseeable harm.

20.     Defendant Revere breached its duty of care in one or more of the following particulars:

    a.     Failing to ensure that contractors working on the premises conducted their work in a safe and reasonable manner;

    b.     Failing to supervise and/or monitor the activities of contractors working at the premises;

c. Permitting carpet rolls and other construction materials to be transported in areas of tenant ingress and egress without reasonable safeguards;

d. Failing to warn tenants of the hazardous condition;

e. Failing to take reasonable precautions to protect Plaintiff from foreseeable harm; and

f. In any other particulars identified in discovery or at trial.

21. That as a direct and proximate cause of the acts and omissions of Defendant Revere, Plaintiff suffered the injuries described above, which have caused, and in the future will cause, her to suffer one or more of the following elements of damage:

a. Severe bodily injuries, including fractured femur and dislocated knee;

b. Past and future medical expenses;

c. Physical pain and suffering;

d. Emotional distress and mental anguish;

e. Loss of enjoyment of life;

f. Impairment of health and bodily efficiency;

g. Loss of sleep and ability to concentrate;

h. Increased susceptibility to future injury;

i. Future medical treatment and rehabilitation.

22. That due to the reckless, willful, and wanton acts and/or omissions of Defendant Revere, Plaintiff is entitled to recover actual and punitive damages from Defendant Revere as well as attorneys' fees in an amount to be determined by the finder of fact.

**FOR A SECOND CAUSE OF ACTION**
(Negligence/Gross Negligence – Greatlakes Floors Covering, LLC)

3

23. Plaintiff re-alleges and incorporates by reference the factual allegations of the preceding paragraphs as if fully set forth herein.

24. At all relevant times, Defendant Greatlakes was engaged in performing flooring work at Revere at Tega Cay.

25. Defendant Greatlakes owed Plaintiff, as a lawful resident and invitee, a duty to exercise reasonable care in performing its work so as not to endanger tenants and visitors.

26. Defendant Greatlakes breached its duty of care in one or more of the following particulars:

   a. Failing to properly train and supervise its employees or agents;

   b. Allowing its employee(s) to transport large carpet rolls in an unsafe manner;

   c. Failing to implement safe practices to prevent tenants from being struck by construction materials;

   d. Failing to warn Plaintiff of the danger posed by its work activities;

   e. Acting in a careless, reckless, and negligent manner under the circumstances; and

   f. In any other particulars identified in discovery or at trial.

27. As a direct and proximate result of Defendant Greatlakes' acts and omissions, Plaintiff sustained the injuries and damages described herein.

28. That as a direct and proximate cause of the acts and omissions of Greatlakes, Plaintiff suffered the injuries described above, which have caused, and in the future will cause, her to suffer one or more of the following elements of damage:

   a. Severe bodily injuries, including fractured femur and dislocated knee;

   b. Past and future medical expenses;

   c. Physical pain and suffering;

   d. Emotional distress and mental anguish;

4

e.    Loss of enjoyment of life;

f.    Impairment of health and bodily efficiency;

g.    Loss of sleep and ability to concentrate;

h.    Increased susceptibility to future injury;

i.    Future medical treatment and rehabilitation.

29.    That due to the reckless, willful, and wanton acts and/or omissions of Defendant Greatlakes, Plaintiff is entitled to recover actual and punitive damages from Defendant Greatlakes as well as attorneys' fees in an amount to be determined by the finder of fact.

**FOR A THIRD CAUSE OF ACTION**
(Negligence/Gross Negligence – Rite Rug Co.)

30.    Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

31.    At all relevant times, Defendant Rite Rug was engaged in performing flooring work at Revere at Tega Cay.

32.    Defendant Rite Rug owed Plaintiff, as a lawful resident and invitee, a duty to exercise reasonable care in performing its work so as not to endanger tenants and visitors.

33.    Defendant Right Rug breached its duty of care in one or more of the following particulars:

a.    Failing to properly train and supervise its employees or agents;

b.    Allowing its employee(s) to transport large carpet rolls in an unsafe manner;

c.    Failing to implement safe practices to prevent tenants from being struck by construction materials;

d.    Failing to warn Plaintiff of the danger posed by its work activities;

e.    Acting in a careless, reckless, and negligent manner under the circumstances; and

f.    In any other particulars identified in discovery or at trial.

5

34. That as a direct and proximate cause of the acts and omissions of Right Rug, Plaintiff suffered the injuries described above, which have caused, and in the future will cause, her to suffer one or more of the following elements of damage:

   a.  Severe bodily injuries, including fractured femur and dislocated knee;

   b.  Past and future medical expenses;

   c.  Physical pain and suffering;

   d.  Emotional distress and mental anguish;

   e.  Loss of enjoyment of life;

   f.  Impairment of health and bodily efficiency;

   g.  Loss of sleep and ability to concentrate;

   h.  Increased susceptibility to future injury;

   i.  Future medical treatment and rehabilitation.

35. That due to the reckless, willful, and wanton acts and/or omissions of Defendant Right Rug, Plaintiff is entitled to recover actual and punitive damages from Defendant Right Rug as well as attorneys' fees in an amount to be determined by the finder of fact.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a trial by jury and for the following:

   i.  Judgment against Defendants Revere at Tega Cay, LLC, Greatlakes Floor Covering, LLC, and Rite Rug Co., jointly and severally, for actual and punitive damages in an amount to be determined by the jury;

   ii.  For the costs of this action; and

   iii.  For such other and further relief as this court deems just and proper.

6

**PIERCE SLOAN KENNEDY & EARLY LLC**
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC  29413
(843) 722-7733

*/s/ Benjamin C. Smoot, II*
Benjamin C. Smoot, II Esquire (Fed ID. 11801)
Austin C. MacManus, Esquire (Fed ID. 13644)
bensmoot@piercesloan.com
austinmacmanus@piercesloan.com
*Attorneys for the Plaintiff*

December 12, 2025
Charleston, South Carolina

7